IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:22-CR-213-P |
| | § | |
| DAVID DEVANEY, SR, et. al. | § | |

## ORDER

Before the Court is Defendant David Devaney, Sr.'s motion for continuance. ECF No. 45.

The motion to continue is unopposed by the Government and all defendants with the exception of

Defendant David Devaney, Jr. In response to the motion to continue, Devaney, Jr. filed an opposition

and motion to sever, requesting that he be severed and tried separately. ECF No. 50.  For the reasons

stated herein, Devaney, Sr.'s  motion for continuance is **GRANTED** and Devaney, Jr.'s motion to

sever is **DENIED**. Further, after reviewing the motion for continuance and the motion to sever,

the Court finds that **the trial date for all defendants[1]** should be reset for jury trial on **Monday,**

**October 31, 2022, at 12:30 P.M.**

Pursuant to 18 U.S.C. § 3161(h), a court may grant an "ends of justice" continuance at the

request of a defendant or defendant's attorney if the court does so on the basis of the finding "that

the ends of justice served by taking such action outweigh the best interest of the public and the

defendant in a speedy trial." *Id*. One of the factors a court may consider in granting an "ends of

justice" continuance is "[w]hether the failure to grant such a continuance . . . would deny counsel

---

[1] The Court may continue the trial date for all co-defendants in the same case when only one moves for a continuance.  *See United States v. Jones*, 56 F.3d 581, 584 n.4 (5th Cir. 1995).

for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §3 161(h)(7)(B)(iv).

Based on the reasons set forth in the motion for continuance and the record, the Court finds: (1) that the ends of justice served by the granting of a trial continuance outweigh the best interests of the public and defendants in a speedy trial; (2) that the failure to grant a continuance in this case would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (3) that taking into account the exercise of due diligence by counsel, a continuance of the duration granted by this order is necessary for effective preparation by defense counsel.

The Court will also deny Devaney, Jr.'s motion to sever. In the motion, Devaney, Jr. argues that he should be tried separately because an issue may arise pursuant to *Bruton v. United States*, 391 U.S. 123 (1968) (holding that admission of a co-defendant's confession that implicated defendant at joint trial constituted prejudicial error). ECF No. 50, p. 4. Specifically, Devaney, Jr. contends that the *Bruton* problem will arise if the Government presents evidence of co-conspirator Devaney, Sr.'s various post-arrest statements at their joint trial. *Id*. However, "a non-testifying co-defendant's confession [is] constitutionally admissible when it [is] redacted to include references only to non testifying co-defendant[s] and a third person, not the defendant…." *United States v. Powell*, 732 F.3d 361, 376 (5th Cir. 2013) (citing *Richardson v. Marsh,* 481 U.S. 200, 203 (1987)). The Court is confident that the Government is cognizant of its responsibilities under *Bruton*, and it will redact any problematic statements made by Devaney, Sr. in the jury trial.[2]

---

[2] Devaney, Jr. also asserts his right to a speedy trial in seeking a severance. ECF No. 50, p. 2.  However, as the Government points out, the speedy trial clock was tolled on August 22, 2022, when Devaney, Jr. filed his first motion. See 18 U.S.C. § 3161(h)(D) & (H). ECF No. 52.

Moreover, Federal Rule of Criminal Procedure Rule 8(b) provides for a joint trial of multiple defendants when they "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b); *see United States v. Ellender*, 947 F.2d 748, 754 (5th Cir. 1991). Indeed, as a general rule "persons jointly indicted should be tried together, especially in conspiracy cases." *United States v. Wilson*, 657 F.2d 755, 765 (5th Cir. 1981). Joint trials serve the public interests in judicial economy and the administration of justice. *See United States v. Daniels*, 281 F.3d 168, 177 (5th Cir. 2002). Here, It is undisputed that evidence for the conspiracy charge will likely be similar for all defendants at trial. This Court has an extremely busy docket and a severance will create redundancy and severely impact judicial resources and inconvenience multiple juries.

        **SO ORDERED** on this the **6th** day of **September, 2022.**


_____
        **Mark T. Pittman**
        **UNITED STATES DISTRICT JUDGE**